ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 APR 28 PM 12: 17

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARIO FERNANDO SANTORO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-075 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Respondent has filed a response to the petition, to which Petitioner has replied. (Doc. nos. 7, 10). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

### I. BACKGROUND

Petitioner was arrested in the Southern District of Florida on April 8, 1995. (Doc. no. 1, p. 1). On October 23, 1995, Petitioner was convicted after a jury trial of three counts of drug-related charges under 21 U.S.C. §§ 841 and 846. Santoro v. United States, Criminal Case No. 195-272-JAL, doc. no. 203 (S.D. Fla. Oct. 23, 1995). Petitioner was sentenced to a term of 240 months of imprisonment as to two counts of the indictment, to be served

concurrently; and 120 months as to a third count of the indictment, to be served concurrently with the sentence term imposed as to the first two counts. Id., doc. no. 230. Petitioner contends in his § 2241 petition that 18 U.S.C. § 3624(b)(1) requires that his good credit time ("GCT") be calculated based on the time he has been sentenced to serve rather than - as the Bureau of Prisons ("BOP") calculates GCT - based on the time he actually serves. (Doc. no. 1, pp. 10-24). In conjunction with this first argument, Petitioner contends that the word "shall" used in 18 U.S.C. § 4105 requires the BOP to award GCT on the basis of the sentence imposed, not time served. (Id. at 4). He also argues that his due process and equal protection rights have been violated because of the BOP's policy of "award[ing] three different sets of good conduct time credits to federal prisoners." (Id. at 4). Finally, Petitioner submits that the BOP's calculation of his sentence of confinement violates the *ex post facto* clause of the United States Constitution because the BOP policy is being applied retroactively to his sentence. (Id. at 22-24).[1]

Respondent submits that Petitioner's argument regarding calculation of GCT is without merit because although the language of the statute is ambiguous, the BOP's interpretation is reasonable, and it does not violate the *ex post facto* clause. (Doc. no. 7, pp. 5-6, 7-8). Nor does the language of 18 U.S.C. § 4105 require a different interpretation. (Id.

---

[1]The Court is aware that Petitioner previously filed a petition pursuant to § 2241 raising some of the same arguments presented in the instant petition. See Santoro v. Wells, CV 308-022 (S.D. Ga. Mar. 7, 2008). However, that case was dismissed without prejudice for failure to exhaust administrative remedies. Id., doc. no. 2, *adopted by* doc. no. 7. As Petitioner has now properly exhausted his administrative remedies (see doc. no. 7, p. 2), the Court now reaches the merits of Petitioner's § 2241 petition. But see Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (affirming district court's dismissal of successive § 2241 petition where a petitioner raised the same claims that he had in previous § 2241 action that was dismissed *on the merits*).

2

at 6-7). Respondent also argues that Petitioner has not met his burden of demonstrating that he has suffered a due process or equal protection violation. (Id. at 8). The Court resolves the matter as follows.

## II. DISCUSSION

The Eleventh Circuit has soundly rejected Petitioner's first argument that he should receive GCT on the basis of time served, rather than the sentence imposed. Indeed, the Eleventh Circuit has decided that although the statutory language of § 3624(b)(1) is ambiguous, "the BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed." Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*).[2] In reaching its decision, the Eleventh Circuit followed the decisions of five other circuits that reached the same conclusion.[3] Id. (citing Perez-Olivio v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005) (*per curiam*); Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005); White v. Scibana, 390 F.3d 997, 1002-03 (7th Cir. 2004); Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir. 2001)).

---

[2]The Eleventh Circuit also decided that the rule of lenity is inapplicable because the BOP's interpretation is reasonable. Brown, 416 F.3d at 1273.

[3]At the time these cases were decided, a different version of 28 C.F.R. § 523.20 was in effect; the current version became effective on December 5, 2005. However, the distinctions between the previous and current version do not affect the analysis determining that it is appropriate for the BOP to calculate GCT based on the time served rather than the sentence imposed.

3

In addition, the Court finds unpersuasive Petitioner's argument that 18 U.S.C. § 4105 should control the BOP's interpretation of § 3624(b). Indeed, § 4105 states that "the basis of computing the deduction from the sentence shall be the sentence imposed by the sentencing court and *certified to be served, at the rate provided in section 3624(b) of this title.*" 18 U.S.C. § 4105(b)(2) (emphasis added). This final language in the statute makes clear that § 4105 and § 3624(b) are to be read consistently with each other to calculate GCT on the basis of time served, not the sentence imposed. Accordingly, Petitioner is not entitled to the relief he seeks in the form of the recalculation of his GCT.

Turning to Petitioner's argument that the method of calculating his sentence violates the *ex post facto* clause, the Court finds that this argument is also without merit. In a recent unpublished opinion, the Eleventh Circuit determined that where the BOP had construed 18 U.S.C. § 3624(b)(1) consistently both before and after a petitioner's conviction, there was no *ex post facto* clause violation. See Guanipa v. Holder, 181 Fed. App'x 932, 934-35 (11th Cir. May 26, 2007). Here, Petitioner was convicted on October 23, 1995. BOP Program Statement 5880.28, published on February 21, 1992 (prior to Petitioner's conviction), clearly instructs that GCT be calculated and awarded based on time served. (Doc. no. 7, Ex. 2). In addition, 28 C.F.R. § 523.20, the federal regulation upon which 28 U.S.C. § 3624(b) is based, was published as an interim rule in 1997 and adopted as a final rule in 2005 (after Petitioner was convicted). As noted by the Court in Brown, the BOP has consistently calculated GCT on the basis of time served, rather than on the total sentence imposed. Brown, 416 F.3d at 1273 ("[T]he BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable

4

and therefore is due to be affirmed . . . ."). As the BOP has consistently calculated GCT on the basis of time served both before and after Petitioner's conviction, it cannot be said that this policy violates the *ex post facto* clause. See Payne v. Vasquez, Civil Case No. 206-050, slip op. at 2-4 (S.D. Ga. Nov. 6, 2006).

Finally, Petitioner's claims that the challenged BOP policy violates his due process and equal protection rights are without merit. Regarding Petitioner's due process claim, the Supreme Court has held that prisoners have no constitutional right to GCT. Wolff v. McDonnell, 418 U.S. 539, 557 (1974) ("It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison."). However, when prison disciplinary proceedings may result in the loss of GCT

> a prisoner is entitled to three procedural protections: (1) advance, written notice of the charges against him and at least 24 hours to prepare a defense; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action.

Stiger v. Grayer, 159 Fed. App'x 914, 915 (11th Cir. Dec. 16, 2005) (citing Wolff, 418 U.S. at 563-66). Here, Petitioner does not allege that he lost GCT as a result prison disciplinary proceedings conducted in the absence of due process. Rather, he alleges that the BOP's method of calculating GCT itself violates due process. As Petitioner has no constitutional right to GCT, this claim must fail.

In regard to his equal protection claim, Petitioner must show: (1) that he has been treated differently from other "similarly situated" inmates, and (2) that this discriminatory treatment is based upon a constitutionally impermissible basis, such as race. Jones v. Ray,

5

279 F.3d 944, 946-47 (11th Cir. 2001) (*per curiam*). As Respondent correctly notes, the burden is on the party alleging an equal protection violation to prove "'the existence of purposeful discrimination.'" McCleskey v. Kemp, 481 U.S. 279, 292 (1987) (quoting Whitus v. Georgia, 385 U.S. 545, 550 (1967)). Petitioner has clearly failed to carry his burden. Indeed, he simply makes the conclusory allegation at the outset of his petition that the challenged BOP policy violates his rights under the Equal Protection Clause because there are three different methods to calculate GCT. However, he provides no details in support of this claim elsewhere in his petition. Significantly, Petitioner does not describe the three different methods the BOP allegedly uses, nor does he identify the constitutionally impermissible basis on which the BOP's discriminatory policy allegedly rests. The Court also notes that Respondent emphatically denies that the BOP has different methods of calculating GCT and maintains that the policy is applied consistently to all inmates. (See doc. no. 7, p. 8). Accordingly, Petitioner's claim that the BOP's method of calculating GCT somehow violates the Equal Protection Clause must also fail.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

SO REPORTED and RECOMMENDED this 28th day of April, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

6