IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARIO FERNANDO SANTORO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-075 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Several of Petitioner's objections merit further discussion, but they do not change the Court's opinion with respect to the Report and Recommendation.

Petitioner first contends that the BOP's calculation of his GCT violated various sections of the Administrate Procedure Act ("APA"), 5 U.S.C. § 551, *et seq*. However, two of the three sections that Petitioner claims were violated by the BOP, namely 5 U.S.C. §§ 702 & 706, do not govern the actions of administrative agencies. Indeed, § 702 provides for the right of review for any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . ." 5 U.S.C. § 702. In addition, § 706 outlines the scope of review for courts considering challenges to agencies' actions. Id. § 706. These statutes do not apply to administrative agencies such as the BOP; rather, they govern *courts'*

*review* of challenges to the actions of administrative agencies. Thus, Petitioner's argument that the BOP violated these provisions of the APA is without merit, and this portion of Petitioner's objection is **OVERRULED**.

Petitioner also contends that the BOP violated the APA when it failed to provide the requisite notice of the regulation that governs the computation of GCT. Under the APA, when an agency implements a new regulation, it must provide notice of the proposed rule in the Federal Register. This notice must include the following information: "(1) a statement of the time, place, and nature of the public rule making proceedings; (2) reference to the legal authority under which the rule is proposed; and (3) either the terms or substance of the proposed rule or a description of the subjects and issues involved." 5 U.S.C. § 553(b). As Respondent correctly notes, the regulation Petitioner challenged was published for comment as a proposed rule on September 26, 1997. See Good Conduct Time, 62 Fed. Reg. 50786-01 (proposed Sept. 26, 1997) (to be codified at 28 C.F.R. pt. 523). The Court has reviewed the contents of the notice and finds that they satisfy the requirements of the APA. Thus, Petitioner's argument that the regulation he challenges violates the notice requirements of the APA is likewise without merit, and this objection is also **OVERRULED**.

Finally, Petitioner attempts to clarify the argument presented in his petition that he has suffered an equal protection violation by contending that the BOP treats offenders arrested in the United States and those transferred to the United States under what he refers to as the "Treaty Transfer" program "more favorably and leniently" than other offenders. (Doc. no. 13, p. 4). However, Petitioner has failed present any details describing what this more lenient and favorable treatment involves, much less demonstrate that this treatment is

based on a "constitutionally impermissible basis . . . ." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (*per curiam*). Thus, he has still failed to meet his burden of demonstrating that an equal protection violation has occurred. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987) (noting that the burden is on the party alleging an equal protection violation to prove "'the existence of purposeful discrimination'"(quoting Whitus v. Georgia, 385 U.S. 545, 550 (1967))). Thus, this objection is also **OVERRULED**.[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the petition is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent Wells.

SO ORDERED this 24th day of June, 2009, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The remainder of Petitioner's objections are likewise without merit and are also **OVERRULED**.

3